IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PATRICK ROAN )
)
v. ) NO. 3:17-1178
)
UNITED PARCEL SERVICE, INC., et al. )

**TO:   Honorable Aleta A. Trauger, District Judge**

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered August 23, 2017 (Docket Entry No. 5), the Court referred this case to the Magistrate Judge for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1), and to conduct any necessary proceedings under Rule 72 of the Federal Rules of Civil Procedure.

Presently pending before the Court is the motion for summary judgment (Docket Entry No. 47) filed by Defendants United Parcel Service, Inc., and Kim Mitchell, to which Plaintiff has responded in opposition. For the reasons set out below, the undersigned respectfully recommends that the motion for summary judgment be granted and this action be dismissed as to all claims.

## I. BACKGROUND

Patrick L. Roan ("Patrick") is an employee of United Parcel Service, Inc. ("UPS").[1] During 2016, he worked as a "sorter" at the Whites Creek UPS Center in Nashville, Tennessee. On July 11, 2016, he began training for the duties of a "feeder driver" and was supervised during his training by Kim Mitchell ("Mitchell"). On July 12, 2016, he sought medical treatment at the St. Thomas West

---

[1] In their memorandum in support of the motion for summary judgment, Defendants state that Plaintiff currently works for UPS. *See* Docket Entry No. 48 at 1.

Hospital complaining of abdominal pain and nausea.[2] He was released from care without a specific diagnosis and was given an order for five days off from work.[3] When Plaintiff returned to UPS for work on July 18, 2016, he informed Mitchell that he was unable to continue training and that he required further medical treatment. That day, Plaintiff went to Concentra Medical Centers ("Concentra"), which is the UPS worker's compensation provider, where he complained of right hip pain and was diagnosed with a right hip strain but was released with no work restrictions.[4] Plaintiff did not complete the training and he returned to work as a sorter. However, shortly thereafter, Plaintiff was again seen by medical providers at Concentra for complaints about hip and muscle pain. He underwent therapy sessions and was given orders on July 21, 2016, and July 28, 2016, for modified work activity with lifting restrictions.[5] Plaintiff was examined at Concentra again on August 3, 2016, and was released to work without restrictions.[6]

On August 22, 2017, Plaintiff filed this lawsuit alleging racial and gender discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e), *et seq*. *See* Complaint (Docket Entry No. 1). Because of ambiguities in his complaint, the Court directed him to file an amended complaint that clarified certain aspects of his complaint. *See* Order entered September 18, 2017 (Docket Entry No. 17). Although Plaintiff failed to file an actual amended complaint, he filed a "response" on September 22, 2017, *see* Docket Entry No. 19, that substantially complied with the Court's directive and was construed as an amendment to his complaint. *See* Order entered November 28, 2017 (Docket Entry No. 23). In his amendment, Plaintiff identified UPS and Mitchell as the sole defendants, stated that his lawsuit is brought under the Americans with

---

[2] *See* Docket Entry No. 51-5

[3] *See* Docket Entry No. 1 at p. 7.

[4] *See* Docket Entry No. 51-6 and No. 1 at 10.

[5] *See* Docket Entry No. 53 at pp. 35-36, 38, and 41.

[6] *See* Docket Entry No. 51-7 and No. 53 at p. 37.

Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, and set out factual allegations in an attempt to clarify the basis for his claims.

Plaintiff's primary allegations are that he was not offered a temporary alternate work ("TAW") agreement by UPS after his injury and while he was on medical restrictions and that Mitchell was very "hateful" and "nasty" to him while he was injured. *See* Complaint at 3. He contends that TAWs have been provided to other UPS employees who have been injured and/or who have work restrictions and that the lack of a TAW prevented him from choosing either to stay home in order to heal or to work at a less demanding work assignment. Instead, he asserts that he was required to work his normal job as a sorter, which in some situations required him to exceed the lifting restrictions that were in place at the time and caused him to suffer pain. *Id*. He also contends that was not able to take medical leave and or be reimbursed for driving to and from therapy for his injury. *See* Response (Docket Entry No. 19). Plaintiff asserts that Defendants treated him unfairly, did not take into account his well-being, and exposed him to a risk of being seriously injured by requiring him to work beyond his restrictions. *Id.*

Upon Defendants' filing of their answer, *see* Docket Entry No. 24, a scheduling order (Docket Entry No. 25) and amended scheduling order (Docket Entry No. 31) were entered, setting a period for pre-trial activity and discovery.

## II. MOTION FOR SUMMARY JUDGMENT AND RESPONSE

Defendants assert that summary judgment in their favor is warranted because Plaintiff cannot establish a case that would support liability against them under the ADA. Defendant Mitchell argues that she cannot be held liable under the ADA because the ADA does not provide for the imposition of liability against individual defendants who are not employers. Defendant UPS argues that Plaintiff does not have sufficient evidence to support a claim under the ADA and that there are no genuine issues of material fact that require that his claims be determined by a jury. Specifically, Defendant UPS contends that Plaintiff cannot show that he was disabled within the meaning of the ADA. Defendant UPS also argues that the undisputed facts show that Plaintiff did not request a

3

reasonable accommodation for his alleged injury by making a request to Mitchell for a TAW and that Plaintiff cannot show that he would not have been reasonably accommodated but for a lack of good faith on the part of UPS even if he had made such a request. In support of their motion, Defendants rely upon a supporting memorandum (Docket Entry No. 48), a statement of undisputed material facts (Docket Entry No. 49), the declaration of Defendant Mitchell (Docket Entry No. 51-1), excerpts from Plaintiff's deposition (Docket Entry No. 51-2), and copies of Plaintiff's medical and work records (Docket Entry Nos. 51-3 through 51-7).

In response, Plaintiff has filed two narrative statements that dispute many of the factual assertions made by Defendants and filed several pages of documents, which he contends support his claims, rebut Defendants' arguments, and show that UPS did not act properly regarding his injury and regarding paperwork about the injury. *See* Docket Entry Nos. 53 and 55. Plaintiff asserts that there is no dispute that he was not provided with a TAW while he was injured and on work restrictions even though TAWs have been provided to other UPS employees who were injured and on work restrictions. He also argues that Defendants have not provided him with a copy of his entire deposition transcript.

Also before the Court is Defendants' reply, in which they argue that Plaintiff's response fails to rebut their motion because it (1) relies largely on inadmissable evidence or evidence that should be excluded and (2) fails to address their legal arguments for dismissal of Plaintiff's claims. *See* Docket Entry No. 54.[7]

### III. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil

---

[7] Defendants also filed a motion (Docket Entry No. 56) to strike Plaintiff's second response (Docket Entry No. 55) as an improper sur-reply. However, that motion is denied by separate order and the Court has considered both of Plaintiff's responses in analyzing the motion for summary judgment.

Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The moving party has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Rodgers*, *supra*.

Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations but must present evidence supporting its claims or defenses. *See Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). Plaintiff's *pro se* status does not relieve him of this obligation, which is a threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. *Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987). The Court cannot supply or assume facts supporting Plaintiff's case and is not required to make legal arguments on his behalf. *See Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215, 2000 WL 302998 (6th Cir. 2000); *Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012). *See also Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992) ("it seems to us utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion.").

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986); *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson*, 477 U.S. at 249. The Court determines whether sufficient evidence has been presented to make the issue of fact a proper

jury question. *Id*. The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## IV. ANALYSIS AND CONCLUSIONS

Defendants' motion for summary judgment should be granted because Plaintiff's case suffers from two major shortcomings discussed in more detail below that require the dismissal of his claims. Based upon the evidence before the Court, no reasonable jury could find in Plaintiff's favor in accordance with the law. Given the substantial shortcomings in Plaintiff's case, any issues of fact that exist do not rise to the level of genuine issues of material fact requiring this case proceed to a trial.

A. ADA Claims Against Defendant Mitchell

The first significant deficiency in Plaintiff's case concerns his claim against Defendant Mitchell. It is well settled that absent evidence that a supervisor falls within the definition of an employer under the ADA, a supervisor cannot be held individually liable under the ADA. *Satterfield v. Tennessee*, 295 F.3d 611, 616 n.4 (6th Cir. 2002); *Ford v. Frame*, 3 Fed.App'x. 316, 318 (6th Cir. 2001); *Sullivan v. River Valley School District*, 197 F.3d 804, 808 n.1 (6th Cir. 1999). *See also Simpson v. Vanderbilt Univ.*, 2008 WL 687096 at *2 (M.D.Tenn. Mar. 11, 2008) (Wiseman, J.). Plaintiff has not even attempted to counter Defendant Mitchell's argument that she cannot be found individually liable under the ADA, and there otherwise appears to be no evidence supporting a finding that she qualifies as an employer under the ADA. Accordingly, there is no basis for an ADA claim against Defendant Mitchell, and summary judgment should be granted in her favor.

B. ADA Claims Against Defendant UPS

The second major shortcoming is that there is no evidence before the Court upon which any reasonable jury could find that Plaintiff qualifies as disabled under the ADA for the purposes of his claims.

Title I of the ADA provides that a covered employer "shall [not] discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The threshold inquiry for any claim under the ADA is whether the person seeking relief qualifies as "disabled" under the ADA. *Burns v. Coca-Cola Enter. Inc.*, 222 F.3d 247, 253 (6th Cir. 2000); *Cassidy v. Detroit Edison Co.*, 138 F.3d 629, 633 (6th Cir. 1998). A person is considered disabled only if the individual: (A) has a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) has a record of such an impairment; or (C) is regarded as having such an impairment. 42 U.S.C. § 12102(2).[8] Although the 2008 Amendments to the ADA broadened the scope of impairments that qualify as disabilities, not every impairment, illness or injury will constitute a disability, and "[t]he ADA is not a general protection for medically afflicted persons." *Evola v. City of Franklin, Tenn.*, 18 F.Supp.3d 935, 945 (M.D.Tenn. 2014).

As the party bringing a claim under the ADA, Plaintiff has the burden of presenting evidence that he is a qualified individual with a disability. *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999); *Hibler v. ABC Techs., Inc.*, 2015 WL 1734915 at *2 (M.D. Tenn. Apr. 16, 2015) (Campbell, J.) ("Thus, in order to proceed with his claims under the ADA, Plaintiff must meet the threshold burden of showing that he is a "disabled" individual within the meaning of the ADA. If

---

[8] The ADA does not define "major life activities." However, major life activities include "activities that are of cental importance to daily life," *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 197 (2002), and the regulations promulgated by the Equal Employment Opportunity Commission ("EEOC") in connection with the ADA define "major life activities" as the basic activities that the average person can perform with little or no difficulty, such as "walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(I).

Plaintiff has no 'disability,' then Defendant cannot be liable for discrimination or failure to accommodate because of it.").

Plaintiff has failed to meet this burden. Indeed, Plaintiff has only minimally addressed this issue even though it was specifically raised by Defendants as a basis for summary judgment. Plaintiff's only rebuttal to Defendants' argument for summary judgment on this issue is the following single sentence in one of his responses:

> Titles I and V of the Americans with Disabilities Act of 1990 (ADA) Sec. 12102 major life activities include walking, standing, bending, lifting, which I Plaintiff had these problems while on restrictions with doctors orders, but wasn't give a "fair" chance to heal by TAW choice.

*See* Plaintiff's Response (Docket Entry No. 55) at 2.[9]

Plaintiff's response is not sufficient to meet his burden. First, his brief statement is conclusory and fails to provide any specific factual details that would support a conclusion that he is disabled under the ADA. Such a statement is not enough to show a disability under the ADA. *Anderson v. Inland Paperboard & Packaging*, 11 Fed.App'x. 432, 436 (6th Cir. 2001) ("A single conclusory statement about an alleged substantial limitation is not enough to avoid summary judgment sought by the employer."). *See also Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003) (a plaintiff must buttress the allegations of his complaint with evidence supporting his claim).

Additionally, and more importantly, merely having a medical issue or medical impairment does not make a person disabled for purposes of the ADA. *Toyota Motor Mfg.*, 534 U.S. at 195; *Anderson*, *supra*. The mere fact of suffering a workplace injury, even if the injury results in some lingering effects or an order for workplace restrictions, is not sufficient to render a person disabled under the ADA. *Robbins v. Saturn Corp.*, 532 Fed.App'x. 623, 629 (6th Cir. 2013); *Marcum v. Consol. Freightways*, 48 F.Supp.2d 721, 726 (N.D. Ohio 1999), *aff'd*, 225 F.3d 659 (6th Cir. 2000). Furthermore, a short term, temporary restriction is generally not "substantially limiting" and does

---

[9] Plaintiff offers nothing to suggest that he is proceeding under the "record of" or "regarded as having" prongs of showing that he is covered under the ADA.

not render a person disabled under the ADA. *Nasser v. City of Columbus*, 92 Fed.App'x. 261, 263 (6th Cir. 2004) (temporary back injury not disabling under the ADA); *Gleason v. Food City 654*, 2015 WL 1815686 at *5 (E.D.Tenn. Apr. 22, 2015) (collecting cases).

In this case, Plaintiff's evidence is that he suffered a workplace injury of some type that resulted in limited work restrictions being placed upon him for a brief period of time. Even when taken as true and viewed in the light most favorable to Plaintiff as the non-moving party, this evidence is simply not sufficient to meet his threshold burden of showing disability status under the ADA. For this reason, summary judgment is warranted in favor of Defendant UPS, and there is no reason to address any of Defendants' other arguments for dismissal of the ADA claims.

The Court notes that much of Plaintiff's response to the motion for summary judgment is devoted to arguing that he has not been provided with a complete copy of his deposition transcript. He asserts that Defendants rely upon only excerpts from his deposition and contends that he would be able to "prove" his case if he had a copy of his full deposition transcript. *See* Docket Entry Nos. 61, 55, and 53.

Plaintiff's argument about his lack of a copy of his full deposition transcript in no way requires the denial of Defendants' summary judgment motion. First, as Defendants have correctly pointed out in a filing responsive to Plaintiff's argument, *see* Docket Entry No. 62, they are entitled to rely upon excerpts of Plaintiff's deposition transcript and are not required to provide Plaintiff with a free copy of his full deposition transcript. Second, providing evidence that is sufficient to meet the threshold burden of showing that he is disabled under the ADA is a matter within Plaintiff's own ability and is not linked to his access to a copy of his full deposition transcript. Anything that Plaintiff testified to in his deposition is something that is within his own personal knowledge and that could have been presented to the Court regardless of Plaintiff's access to the full deposition transcript.

## RECOMMENDATION

Based on the forgoing, the undersigned respectfully RECOMMENDS that the motion for summary judgment (Docket Entry No. 47) filed by Defendants United Parcel Service, Inc., and Kim Mitchell be GRANTED and that this lawsuit be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge