# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **PATRICK ROAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No. 3:17-cv-01178** |
| ) | **Judge Aleta A. Trauger** |
| **UNITED PARCEL SERVICE et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM & ORDER

*Pro se* plaintiff Patrick Roan brings claims against defendants United Parcel Service ("UPS") and supervisor Kim Mitchell under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. Now before the court are the plaintiff's Objections (Doc. No. 65) to the magistrate judge's Report and Recommendation ("R&R") (Doc. No. 63), recommending that the defendants' Motion for Summary Judgment (Doc. No. 47) be granted and that this action be dismissed. For the reasons set forth herein, the court will overrule the objections, grant the Motion for Summary Judgment, and dismiss this case.

## I. Procedural Background

The plaintiff filed suit on August 22, 2017, alleging racial and gender discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq*. The case was referred to the magistrate judge to enter a scheduling order for the management of the case and to dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B). (Doc. No. 5.) The magistrate judge directed the filing of an amended complaint to clarify certain aspects of the original Complaint. (Order, Doc. No. 17.) The plaintiff submitted a

"Response" to the Order, which the magistrate judge construed as an amendment to the Complaint. In this Response, the plaintiff clarified that the only two defendants against whom he brought suit were his supervisor, Kim Mitchell, and his employer, UPS. He also clarified that his lawsuit was brought solely under the ADA. (*Id.*)

The plaintiff was employed by UPS during the summer of 2016 when the events giving rise to this lawsuit occurred. On July 12, 2016, he sought medical treatment at St. Thomas West Hospital, complaining of abdominal pain and nausea. He was released without a specific plan of care and given an order for five days off from work. He returned to work on July 18, 2016 but immediately informed Kim Mitchell that he required additional medical treatment. He went to Concentra Medical Centers ("Concentra"), UPS's worker's compensation provider, complaining of right hip pain. He was diagnosed with a right hip strain but released to return to work with no restrictions. (Doc. No. 53, at 45.) He claims he went home instead. (*Id.*) He went back to Concentra complaining of hip pain on July 21, 2016 and was diagnosed again with a right hip "strain of muscle, facia and tendon." (Doc. No. 43, at 35.) He was given an injection (*id.* at 41) and returned to work the same day with restrictions of lifting no more than 40 pounds on a frequent basis (up to six hours per day) (*id.* at 35). He was also prescribed six physical therapy sessions. After a follow-up appointment on July 28, 2016, he was returned to work with a 50-pound lifting restriction. (*Id.* at 36.) On August 3, 2016, he was released from care and returned to work with no restrictions. (*Id.* at 37.)

The plaintiff's primary complaints are that he was not offered a temporary alternate work ("TAW") agreement by UPS after his injury and while he was on medical restrictions. Instead, he was required to work his normal job as a sorter, which sometimes required him to exceed the lifting restrictions on which he had been placed and caused him to suffer pain. (Doc. No. 1, at 3.)

He also contends that Mitchell was "hateful" and "nasty" to him while he was injured. (*Id.*) As set forth in the amendment to his Complaint, he complains that he was not reimbursed for his gas mileage for traveling to and from physical therapy because he was not on a TAW, and he was not allowed to take FMLA leave. (Doc. No. 19, at 1–2.) Generally, he alleges that he was treated unfairly and was exposed to the risk of serious injury by being required to work beyond his restrictions. (*Id.* at 2.)

The defendants' Motion for Summary Judgment and supporting Memorandum (Doc. Nos. 47, 48) assert that Mitchell is not an "employer" subject to liability under the ADA and that UPS is not liable because: (1) the plaintiff has not shown that he is disabled within the meaning of the ADA; (2) the undisputed facts show that the plaintiff never requested a reasonable accommodation for his alleged injury; and (3) the plaintiff has not shown that he would not have been reasonably accommodated if he had made such a request. The defendants also filed a Statement of Material Facts Not in Dispute (Doc. No. 49), along with excerpts from the plaintiff's deposition transcript, various witness declarations, UPS time records for the plaintiff, and medical records from St. Thomas and Concentra. (Doc. No. 51.) The plaintiff did not respond to the Statement of Material Facts, and his Response to the Motion for Summary Judgment (Doc. No. 53) consists of a single page in which he denies knowledge of the truth of Kim Mitchell's statements in her declaration, objects to the defendants' failure to provide him with a complete copy of his deposition transcript, and disputes the "misleading" paperwork submitted by the defendants. He submitted 40 pages of additional paperwork, but none of it authenticated and, according to the defendants, much of it was not produced during discovery. (*See* Doc. No. 53, at 4–47.) The defendants filed a Reply (Doc. No. 54), pointing out these deficiencies. The court permitted the plaintiff to file a sur-reply, denominated as a second

"Response" (Doc. No. 55), in which he continues to complain about not receiving his complete deposition transcript and not being offered a TAW. He also takes issue with the defendants' argument that he has not shown that he is disabled. He claims: "Titles I and V of the [ADA] Sec. 12101 major life activities include walking, standing, bending, lifting, which I Plaintiff had these problems while on restrictions with doctors orders. But wasn't give a 'FAIR' chance to heal by TAW choice." (Doc. No. 55, at 2.)

The R&R recommends that the defendants' Motion for Summary Judgment be granted on the grounds that (1) Mitchell is not an "employer" within the meaning of the ADA; and (2) the undisputed facts do not show that the plaintiff is or was "disabled" within the meaning of the ADA, for purposes of establishing a prima facie disability discrimination claim. The R&R notified the parties that any objections to the R&R "must state with particularity the specific portions of [the R&R] to which objection is made." (Doc. No. 63, at 10 (citing Fed. R. Civ. P. 72(b)(2)).)

The plaintiff filed timely Objections to the R&R. (Doc. No. 65.) These Objections state in full as follows:

> Responding to Recommendation with Objections Filed on 4-14-19 Document 63 – Judge I will be showing where United Parcel Service and Kim Mitchell didn't honor the Essential Job Functions under the ADA rules. Documents and facts are attach.

(Doc. No. 65, at 1.) Attached to the Objections are various documents excerpted from medical records and previous filings, all of which appear already to have been taken into consideration by the magistrate judge.

## II. Standard of Review

Within fourteen days after being served with a report and recommendation any "party may serve and file *specific* written objections to [a magistrate judge's] proposed findings and

recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* at 151. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (*see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000)))). Likewise, "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Finally, arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate for consideration are deemed waived. *Becker v. Clermont Cty. Prosecutor*, 450 F. App'x 438, 439 (6th Cir. 2011); *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

**III. Analysis**

Although *pro se* pleadings and filings are held to less stringent standards than those drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se*

litigants are not entirely exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The plaintiff's failure to respond substantively to the Motion for Summary Judgment and his failure to lodge clear, specific objections to the R&R are not absolved by his *pro se* status.

The Objections in this case are not sufficiently specific to warrant review. *Langley*, 502 F.3d at 483; *Cole*, 7 F. App'x at 356; *Howard*, 932 F.2d at 509. The court has nonetheless reviewed the entire record and agrees with the magistrate judge's findings and conclusions. First, it is clear that only an "employer" may be liable under the ADA; an individual supervisor who does not meet the statutory definition of "employer" cannot be individually liable. *See Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 n.1 (6th Cir. 1999). Because there is no evidence in the record that defendant Mitchell qualifies as an employer under the ADA, she is entitled to summary judgment in her favor.

Second, the plaintiff has not established that he is "disabled" for purposes of the ADA. However, because the magistrate judge's conclusion to that effect relied largely on law and opinions that predate the ADA Amendments Act of 2008, Pub. L. No. 110–325, 122 Stat. 3553 ("ADAAA" or "amended Act"), including in particular *Toyota Motor Manufacturing, Kentucky, Inc. v. Williams*, 534 U.S. 184 (2002), the court does not fully adopt the R&R's reasoning.

The Sixth Circuit does not appear to have had occasion to directly address the impact of the ADAAA, but other appellate courts have recognized that the central purpose behind Congress's enactment of the ADAAA was to broaden the ADA's definition of "disability." *See, e.g.*, *Summers v. Altarum Inst., Corp.*, 740 F.3d 325, 329 (4th Cir. 2014) ("In response to a series of Supreme Court decisions that Congress believed improperly restricted the scope of the ADA, it passed legislation with the stated purpose of 'reinstating a broad scope of protection to be

available under the ADA.'" (quoting Pub. L. No. 110–325, § 2(b)(1)). Chief among the decisions it sought to override was *Toyota Motor Manufacturing*, in which the Supreme Court had adopted a strict construction of the term "disability" and suggested that a temporary impairment could never qualify as a disability under the Act. Congress believed that *Toyota* set an "inappropriately high level of limitation necessary to obtain coverage under the ADA." Pub. L. No. 110-325, § 2(b)(5); *see also Hernandez v. Int'l Shoppes, LLC*, 100 F. Supp. 3d 232, 249 (E.D.N.Y. 2015) ("Early on, decisions by the Supreme Court narrowed the scope of the terms of the Act, making it difficult for putative plaintiffs to bring claims under the ADA."). Thus, the ADAAA now provides that the definition of disability "shall be construed in favor of broad coverage of individuals under this chapter, to the maximum extent permitted by [its] terms." 42 U.S.C. § 12102(4)(A).

Following passage of the ADAAA and in accordance with its directives, the EEOC promulgated regulations clarifying the scope of the ADA. The regulations expressly provide that the "effects of an impairment lasting or expected to last fewer than six months can be substantially limiting" for purposes of proving an actual disability. 29 C.F.R. § § 1630.2(j)(1)(ix) (2013). The appendix to the EEOC regulations provides additional clarification, noting that the "duration of an impairment is one factor that is relevant in determining whether the impairment substantially limits a major life activity." *Id.* § 1630.2(j)(1)(ix) (app.). Although "[i]mpairments that last only for a short period of time are typically not" considered to be disabling, they may be covered "if sufficiently severe." *Id.* For example, "if an individual has a back impairment that results in a 20-pound lifting restriction that lasts for several months, he is substantially limited in the major life activity of lifting, and therefore covered under the first prong of the definition of disability." *Id.*

The ADA defines disability, as relevant for purposes of this case, as "[a] physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1).[1] Under the ADAAA, "major life activities" are now defined to "include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id.* § 12102(2)(A).[2]

To establish a prima facie case of discrimination under the ADA, the plaintiff must show, among other factors, that he is in fact disabled within the meaning of the ADA. *Keith v. Cty. of Oakland*, 703 F.3d 918, 923 (6th Cir. 2013). But, as broadly as the ADAAA is to be construed, not every physical and mental impairment is considered a disability under the ADA. *See* 29 C.F.R. § 1630.2(j)(1)(ii) ("[N]ot every impairment will constitute a disability within the meaning of [the ADA]. . . ."). Specifically, non-severe impairments that last only a short period of time are not necessarily covered by the ADA. *See, e.g.*, *Gleason v. Food City 654*, No. 3:13-CV-712-PLR-HBG, 2015 WL 1815686, at *5 (E.D. Tenn. April 22, 2015) (finding that the plaintiff failed to establish that he was disabled under the ADA where his restrictions on lifting and the number of hours worked were not severe and lasted only one month); *Shaughnessy v. Xerox Corp.*, No. 12-cv-6158, 2015 WL 1431687, at *4 (W.D.N.Y. March 27, 2015) (finding that plaintiff's sprained ankle did not constitute a disability where "there is no evidence suggesting that the injury was, or was ever thought to be, a long-term condition"); *Martinez v. N.Y. State Div. of*

---

[1] The definition also covers a "record of such impairment" and "being regarded as having such an impairment," but these elements of the definition are not relevant here. 42 U.S.C. § 12102(1)(B) & (C).

[2] The term also includes "the operation of a major bodily function, including but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions." 42 U.S.C. § 12102(2)(B). The plaintiff does not claim any limitation in these functions.

*Human Rights*, No. 1:13-cv-1252, 2015 WL 437399, at *7 (S.D.N.Y. Feb. 2, 2015) ("While, as plaintiff correctly points out, the ADA Amendments Act of 2008 . . . broadened the definition of a disability under the law, not all impairments are sufficiently substantial to be considered disabilities under the ADA."); *Mastrio v. Eurest Servs., Inc.*, No. 3:13-cv-00564, 2014 WL 840229, at *4 (D. Conn. Mar. 4, 2014) (noting that "even under the broadest definition of disability, short term or temporary impairments generally do still not render a person disabled within the meaning of the statute"). *See also* Margaret C. Jasper, *Legal Almanac: The Americans With Disabilities Act* § 2.5 (2012) ("[A]n individual with a minor, non-chronic condition of short duration, such as a sprain, broken limb, or the flu, generally would not be covered [by the ADA]. For example, an employee suffers a broken wrist that is expected to heal, but while it is healing he is unable to perform the essential functions of his job as an assembly-line worker. This employee is not protected by the ADA because, although he is 'impaired,' the impairment does not substantially limit a major life activity because it is of limited duration and will have no long-term effect.").

In this case, construing all the evidence in the light most favorable to the plaintiff, it is apparent that he initially complained of abdominal pain and nausea for which he took five days off work. (Doc. No. 51-5.) Upon his return to work, on July 18, 2016, he was diagnosed with a "strain of muscle, facia and tendon" in his right hip. (Doc. No. 43, at 35.) As a result of that strain, he was on minor lifting restrictions for no more than two and a half weeks, from July 18 until August 3, 2016. (*Id.* at 37.) The plaintiff here asserts that he has shown that he was disabled, because his injury impaired his ability to walk, stand, bend, and lift. (Doc. No. 55, at 2.) Regardless, no matter how broadly the ADAAA is construed, the plaintiff's minor, non-chronic muscle strain, which limited his ability to perform certain activities for an extremely short period

of time, simply does not qualify as a disability. Because the plaintiff has not established that he was disabled for purposes of a prima facie case under the ADA, UPS is entitled to summary judgment in its favor.

**IV.     Conclusion and Order**

The plaintiff's objections (Doc. No. 65) are **OVERRULED**. The R&R's findings and conclusions are **ACCEPTED,** with the modifications noted herein, and the defendants' Motion for Summary Judgment (Doc. No. 47) is **GRANTED**. This case is **DISMISSED WITH PREJUDICE**.

It is so **ORDERED**.

This is the final order in this case. The Clerk is **DIRECTED** to enter judgment. Fed. R. Civ. P. 58.

ALETA A. TRAUGER
United States District Judge